**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>STATE NATIONAL INSURANCE COMPANY<br><br>Defendant. | CIVIL ACTION NO.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES** |

Plaintiff, Zurich American Insurance Company ("ZAIC"), by its attorneys, Coughlin Midlige & Garland LLP, as and for its Complaint for Declaratory Judgment against defendant, State National Insurance Company ("SNIC"), alleges as follows:

## NATURE OF THE ACTION

1. This declaratory judgment action arises from an underlying personal injury action entitled *Dawn Hayes v. Jacobs Project Management Co, et al.*, commenced in the Supreme Court of the State of New York, County of Bronx, under Index Number 300161/2017 ("Underlying Action").

2. SNIC issued Commercial General Liability Policy Number CTM1401063 to Arc Electrical & Mechanical Contractors Inc. ("ARC"), for the policy period from December 31, 2014, and a termination date of December 31, 2015 (the "SNIC Policy").

3. ARC, as General Contractor, entered into a Construction Agreement with the Dormitory Authority of the State of New York ("DASNY"), as Owner, in which ARC agreed procure commercial general liability insurance naming the Construction Manager as an additional insured (the "ARC Contract").

4. The Liro Group ("Liro") was the Construction Manager identified in the ARC Contract.

2223902

5. Liro is also noted to be the Construction Manager in a separate Construction Agreement it entered into with DASNY.

6. The alleged accident in the Underlying Action arose from ARC's work pursuant to the ARC Contract.

7. The SNIC Policy provides coverage to Liro in the Underlying Action on a primary and non-contributory basis.

8. ZAIC is currently defending Liro in the Underlying Action.

9. ZAIC has repeatedly tendered the defense of Liro in the Underlying Action to SNIC.

10. SNIC has improperly refused to provide coverage to Liro in the Underlying Action.

11. In this action, ZAIC seeks a declaration that: (i) Liro is entitled to coverage as an additional insured under the SNIC Policy; (ii) SNIC has a duty to defend Liro in the Underlying Action on a primary, non-contributory basis; (iii) SNIC has a duty to indemnify Liro in the Underlying Action on a primary, non-contributory basis for any liability that comes within the additional insured coverage provided by the SNIC Policy; and (iv) SNIC is obligated to reimburse ZAIC for all the costs and fees ZAIC has incurred while defending Liro in the Underlying Action.

## PARTIES

12. Zurich American Insurance Company ("ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. ZAIC is authorized to transact business and has transacted business in the State of New York.

13. Upon information and belief, SNIC is a Delaware corporation with a principal place of business of 1900 L. Don Dodson Drive Bedford, Texas 76021, and was and is authorized to issue policies of insurance within the State of New York.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. §1332 because there is complete diversity of citizenship between SNIC (Citizen of Delaware) and ZAIC (Citizen of New York), and the amount in controversy exceeds $75,000, exclusive of costs.

15. Venue is proper in this district under 28 U.S.C. section 1391(b)(1) because ZAIC is a resident of the Southern District of New York, and under 28 U.S.C. section 1391(b)(2) because a substantial part of the events giving rise to this action occurred in the Southern District of New York.

## THE UNDERLYING ACTION

16. On January 23, 2017, Dawn Hayes ("Plaintiff") commenced an action against Jacobs Project Management Co., Crescent Consulting Associates, Inc., and Liro in the Supreme Court of the State of New York, Bronx County, under Index Number 300161/2017 ("Underlying Action"). A copy of the Complaint is attached hereto as **Exhibit A**.

17. In the Underlying Action, by way of a Supplemental Bill of Particulars, Plaintiff asserted that she was injured at the Premises as she tripped and fell while walking at Parking Lot D after leaving work at the Premises. A copy of the Supplemental Bill of Particulars is attached hereto as **Exhibit B**.

18. On March 29, 2018, after receipt of Plaintiff's Supplemental Bill of Particulars noting that the alleged accident allegedly took place at Parking Lot D of the Premises, Liro's

counsel tendered defense and indemnity to ARC. A copy of the March 29, 2018 letter is attached hereto as **Exhibit C**.

19. After not receiving a response to its tender, on July 31, 2018, Liro filed a Third-Party Complaint against ARC based on the indemnification and insurance provisions of the ARC Contract ("Third-Party Action"). A copy of the Supplemental Bill of Particulars is attached hereto as **Exhibit D**.

20. On March 5, 2019, Plaintiff Amended the Complaint to name ARC as an additional direct defendant in the Underlying Action. A copy of the Plaintiff's filed Amended Summons and Complaint is attached hereto as **Exhibit E**.

## THE ARC CONTRACT

21. On or around February 28, 2012, DASNY entered into a subcontract agreement with ARC whereby ARC was required to provide construction services as a General Contractor at the Premises (the "ARC Contract"). A copy of the ARC Contract is attached hereto as **Exhibit F**.

22. The ARC Contract contains the following relevant language:

Section 4.05 Supervision by Contractor

A. The Contractor shall provide full-time competent supervision for the duration of the Contract. During the course of on-site work the Contractor shall provide a fulltime on-site superintendent who shall have full authority to act for the Contractor at all times…

…

Section 14.04 Risks Assumed by the Contractor

A. To the fullest extent permitted by law, the Contractor [ARC] solely assumes the following distinct and several risks whether said risks arise from acts or omissions, whether supervisory or otherwise, of the Owner [DASNY], of the Client, of any Subcontractor, of third persons or from any other cause, including difficulties which may be encountered in the performance of the Work, whether said risks are within or beyond the control of the Contractor and whether said risks involve any legal

duty, primary or otherwise, imposed upon the Owner, excepting only risks which arise from faulty designs as shown by the drawings and specifications, unforeseen obstacles or from the negligence of the Owner or the Owner's members, officers, representatives or employees that caused the loss, damage or injuries hereinafter set forth:

***

(2)     The risk of claims, just or unjust, by third persons against the Contractor or the Owner, the Client, and the Construction Manager on account of ⁻wrongful death, bodily injuries and property damage, direct or consequential, loss or damage of any kind whatsoever arising or alleged to arise out of or as a result of or in connection with the performance of the Work, whether actually caused by or resulting from the performance of the Work, or out of or in connection with the Contractor's operations or presence at or in the vicinity of the Site. The Contractor shall bear the risk for all deaths, injuries, damage or losses sustained or alleged to have been. sustained prior to Substantial Completion of the Work. The Contractor shall bear the risk for all deaths, injuries, damages or losses sustained or alleged to have been sustained resulting from the Contractor's negligence or alleged negligence which is discovered, appears, or is manifested after acceptance by the owner.

(3)     The Contractor assumes entire responsibility and liability for any and all damage or injury of any kind or nature whatsoever, including death resulting there from, to all persons, whether employees of the Contractor or otherwise, and to all. property, caused by, resulting from, arising out of, or occurring in connection with the performance of the Work, if any person shall make said claim for any damage or injury, including death resulting there from, or any alleged breach of any statutory duty or obligation on the part of the Owner, the Client, the Owner's Representative, Construction Manager, servants and employees, the Contractor shall assume the defense and pay on behalf of the Owner, the Client, the Owner's Representative, the Construction Manager, servants and employees, any and all loss, expense, damage or injury that the Owner, the Client, the Owner's Representative, Construction Manager, servants and employees, may sustain as the result of any claim, provided however, the Contractor shall not be obligated to indemnify the Owner, the Client, the Owner's Representative, Construction Manager, servants and employees for their own negligence, if any.

(4)     The Contractor agrees to assume, and pay on behalf of the Owner, the Client, and the Owner's Representative, Construction Manager, servants and employees, the defense of any action at law or equity which may be brought against the Owner, the Client and the Owner's Representative, Construction Manager, servants and employees. The assumption of defense and liability by the Contractor includes, but is not limited to, the amount of any legal fees associated with defending, all costs of investigation, expert evaluation and any other costs including any judgment or interest or penalty that may be entered against the Owner, the Client, and the Owner's Representative, Construction Manager, servants and employees, in any said action.

B. The Contractor's obligation under this Article shall not be deemed waived, limited or discharged by the enumeration or procurement of any insurance for liability for damages… The Contractor shall make a claim on its insurer specifically under the provisions of the contractual liability coverage and any other coverage afforded the Owner or the Client including those of being an additional insured where applicable.

…

ARTICLE 15 – INSURANCE AND BONDS

…

Section 15.03 Insurance Provided by Contractor

…

3. Commercial General Liability (CGL) with a combined single limit for bodily injury, personal injury and property damage of at least $2 million per occurrence and aggregate… The limit may be provided through a combination of primary and umbrella and/or excess liability policies. Coverage shall provide and encompass at least the following:

　　a.　Written on an occurrence form

　　b.　Include ISO Endorsement CG 20 10 11/85 or its equivalent

　　c.　An endorsement naming [DASNY] and if applicable, the Construction Manager, the Client and other entities as additional insured as specified on the sample certificate of insurance in the Bidding Documents. Additional insured status shall apply during the Products/Completed Operations phase as well as during the course of the Work.

　　d.　Policies shall be endorsed to be primary as respects the coverage afforded the additional insured and such policy shall be primary to any other insurance maintained by the Owner. Any other insurance maintained by the Owner shall be in excess of and shall not contribute with the Contractor's or Subcontractor's insurance, regardless of the "other insurance" clause contained in the Owner's own policy of insurance. …

　　…

　　g.　Blanket Written Contractual Liability covering all indemnity agreements, including all indemnity obligations contained in the General Conditions.

　　…

5.      Umbrella and/or Excess Liability policies used to follow the form of the CGL…limits shown above may be warranted to be in excess of limits provided by primary CGL…Liability, not excess to other insurance maintained by the Owner…. Coverage shall provide and encompass at least the following:

  c. An endorsement naming [DASNY] and, if applicable, the Construction Manager, the Client and other entities as additional insured as specified on the sample certificate of insurance in the bidding documents.

* * *

23.     The ARC Contract requires ARC to name Liro as an additional insured under its general liability policy, on a primary and non-contributory basis, as Liro is the "Construction Manager."

24.     Based upon the above provisions, ARC was required to procure primary, non-contributory insurance protecting Liro for all liability arising from ARC's work at the Premises.

## **THE SNIC POLICY**

25.     SNIC issued a Commercial General Liability Policy under Policy No. CTM1401063 to ARC for a policy period from December 31, 2014 to December 31, 2015 (the "SNIC Policy").

26.     The SNIC Policy provides limits of $2,000,00 each occurrence with an aggregate of $4,000,000 per project.

27.     The SNIC Policy contains the following provisions relevant to ZAIC's claim for additional insured coverage on behalf of Liro:

**SECTION I — COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to

which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result...

b.  This insurance applies to "bodily injury" and "property damage" only if:

(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)   The "bodily injury" or "property damage" occurs during the policy period; and

### ENDORSEMENT #2

### BLANKET ADDITIONAL INSURED

It is agreed that this Policy shall include as additional Insureds any person or organization to whom the Named Insured has agreed by written contract to provide coverage, but only with respect to operations performed by or on behalf of the Named Insured and only with respect to occurrences subsequent to the making of such written contract.

**THE INCLUSION OF AN ADDITIONAL INSURED SHALL BE SUBJECT TO ALL OTHER TERMS AND CONDITIONS CONTAINED IN THIS POLICY.**

***

### ENDORSEMENT #4

### PRIMARY AND NON-CONTRIBUTORY

Where required by written contract, it is agreed that this policy shall be primary to any insurance carried by an additional insured, and any insurance carried by such additional insured shall not be called upon to contribute to any claim covered under this policy, provided that the claim arises directly from work performed by the Named Insured or others working directly on behalf of the Named Insured and provided further that the "occurrence" that gives rise to such claim happened subsequent to the execution of the written contract.

It is warranted that whenever the Named Insured has agreed by written contract to be primary to any insurance carried by an additional insured, the Named Insured

will require by written contract that the Commercial General Liability policy of any contractor or subcontractor of the Named Insured will be primary to any insurance carried by the Named Insured and that the Named Insured's Commercial General Liability policy shall not be called upon to contribute to any claim covered under any policy of such contractor or subcontractor.

28. The SNIC Policy provides primary and non-contributory insurance for Liro, as an additional insured, for work done under ARC's Contract with DASNY as the General Contractor at the Premises.

29. Based upon the above provisions, together with the ARC Contract, Liro is an additional insured under the SNIC Policy regarding the claims made against Liro by the Plaintiff in the Underlying Action.

## CLAIMS CORRESPONDENCE

30. On or about March 15, 2018, Hayes served a Supplemental Bill of Particulars noting that the location of the alleged accident was Parking Lot D of the Premises. See Exhibit _.

31. Parking Lot D was determined to be within ARC's worksite area for its contracted work at the Premises.

32. By way of tender demand letter dated March 29, 2018, Liro's counsel tendered the defense and indemnity of Liro to ARC for the Underlying Action. See **Exhibit C**.

33. Liro did not receive a response to this tender demand letter and filed the aforementioned Third-Party Complaint against ARC on July 31, 2018. See Exhibit B. Liro thereafter determined that SNIC was the proper insurer for the subject work at the Premises on the alleged date of loss and, on or about December 21, 2018, Liro's counsel tender defense and indemnity to SNIC. A copy of this second tender demand letter is attached hereto as **Exhibit G**.

34. In a letter dated January 23, 2019, National Claim Services ("NCS") responded to the December 21, 2018 tender as the authorized claims representative of SNIC, advising that SNIC refused to provide additional insured coverage along with defense or indemnity to Liro. A

copy of this letter is attached hereto as **Exhibit H**. This letter predated ARC being added as a direct defendant in the Underlying Action.

35. On or about August 18, 2022, ZAIC requested that SNIC defend Liro in the Underlying Action as well as reimburse ZAIC's prior incurred defense costs. A copy of this tender demand by ZAIC is attached hereto as **Exhibit I**. SNIC did not respond to demand.

36. On or about September 26, 2022, ZAIC sent SNIC a last and final tender demand letter seeking defense and indemnity for Liro as an additional insured under the SNIC Policy to which attached a draft copy of this Declaratory Judgment Action Complaint**.** A copy of this final tender demand is attached hereto as **Exhibit J**. SNIC did not respond to this final demand.

37. ZAIC has made multiple efforts to have SNIC reconsider its position from 2019.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST SNIC
**(Declaratory Judgment –Additional Insured Status)**

38. Zurich repeats and re-alleges each and every allegation contained in Paragraphs 1 through 37 as if fully set forth herein.

39. The SNIC Policy affords additional insured coverage to Liro for the claims made in the Underlying Action.

40. To date, SNIC has failed to acknowledge its obligation to provide coverage to Liro as an additional insured under the SNIC Policy.

41. An actual case or controversy exists between ZAIC and SNIC regarding Liro's entitlement to defense and indemnity for the Underlying Action under the SNIC Policy.

42. A resolution of this dispute is necessary to resolve SNIC's obligation to defend and indemnify Liro with respect to the Underlying Action, and to reimburse ZAIC for fees and expenses which it has expended for the defense of Liro in the Underlying Action.

43. Therefore, ZAIC seeks a judicial determination and declaration that Liro is entitled to defense and indemnity in the Underlying Action as an additional insured under the SNIC Policy.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST SNIC**
**(Declaratory Judgment – Duty to Defend)**

44. ZAIC repeats and re-alleges each and every allegation in Paragraphs 1 through 43 as if fully set forth herein.

45. Under the terms of the SNIC Policy, and pursuant to the ARC Contract, SNIC has an obligation to defend Liro in the Underlying Action on a primary and non-contributory basis.

46. To date, SNIC has failed to acknowledge its obligation to defend Liro in the Underlying Action.

47. An actual case or controversy exists between ZAIC and SNIC concerning Liro's entitlement to a defense for the claims made in the Underlying Action under the SNIC Policy.

48. A resolution of this dispute is necessary to resolve SNIC's obligation to defend Liro in the Underlying Action and to reimburse ZAIC for fees and expenses which it has expended for the defense of Liro in the Underlying Action.

49. Therefore, ZAIC seeks a judicial determination and declaration that SNIC is obligated to defend Liro in the Underlying Action on a primary, non-contributory basis.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST SNIC**
**(Declaratory Judgment – Duty to Indemnify)**

50. ZAIC repeats and re-alleges each and every allegation in Paragraphs 1 through 49 as if fully set forth herein.

51. Pursuant to the terms of the SNIC Policy, SNIC has an obligation to indemnify Liro on a primary and non-contributory basis for all amounts for which Liro becomes legally

obligated to pay as damages because of the bodily injury alleged by Plaintiff in the Underlying Action.

52. To date, SNIC has failed to acknowledge its obligation to indemnify Liro with respect to the Underlying Action.

53. An actual and justiciable controversy exists between ZAIC and SNIC regarding SNIC's obligation to indemnify Liro in the Underlying Action.

54. A resolution of this dispute is necessary to resolve SNIC's obligation to indemnify Liro in the Underlying Action.

55. Therefore, ZAIC seeks a judicial determination and declaration that SNIC is obligated to indemnify Liro in the Underlying Action, on a primary and non-contributory basis.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST SNIC**
**(Declaratory Judgment – Reimbursement of Costs Paid by ZAIC and Damages)**

56. ZAIC repeats and re-alleges each and every allegation in Paragraphs 1 through 55 as if fully set forth herein.

57. SNIC has wrongfully failed to provide Liro with a defense for the claims made in the Underlying Action.

58. SNIC failure to provide a defense to Liro in the Underlying Action on a primary and non-contributory basis violates the terms of the SNIC Policy.

59. As a direct and proximate result of SNIC failure to provide a defense to Liro in the Underlying Action in violation of the obligations set forth in the SNIC Policy, ZAIC has incurred considerable defense costs on behalf of Liro in the Underlying Action.

60. An actual and justiciable controversy exists between ZAIC and SNIC regarding SNIC's obligation to reimburse ZAIC for the defense costs incurred on behalf of Liro in the Underlying Action.

61. Accordingly, the Court should award to ZAIC, and order SNIC to pay, all amounts that ZAIC has incurred or will incur in the defense of Liro in the Underlying Action, from the date of the initial tender request to the present, plus statutory interest.

**WHEREFORE**, Plaintiff, Zurich American Insurance Company, respectfully requests that the Court enter:

1. On the first cause of action, a judgment declaring that Liro is an additional insured under the SNIC Policy in connection with the Underlying Action;

2. On the second cause of action, a judgment declaring that SNIC must defend Liro in the Underlying Action as an additional insured on a primary and non-contributory basis;

3. On the third cause of action, a judgment declaring that SNIC must indemnify Liro for any liability in the Underlying Action as an additional insured on a primary and non-contributory basis;

4. On the fourth cause of action, an Order awarding ZAIC money damages against SNIC for all defense costs incurred by ZAIC in the defense of Liro in the Underlying Action, plus interest, as well as all attorneys' fees, costs, and expenses that it has incurred in prosecuting this action; and

5. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 9, 2022

**COUGHLIN MIDLIGE & GARLAND LLP**

By:   s/ *Lisa M. Bonanni*
Steven G. Adams, Esq.
Lisa M. Bonanni, Esq.
Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
*Attorneys for Plaintiff,*
*Zurich American Insurance Company*